Daniel G. Shay, CA Bar #250548
danielshay@tcpafdcpa.com
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Suite 101B
San Diego, California 92108
Tel: 619.222.7429
Fax: 866.431.3292

Benjamin H. Richman*
brichman@edelson.com
J. Dominick Larry*
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

**Pro hac vice* admission to be sought.

*Counsel for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TATIANA OLMOS, individually and on behalf of all others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>FIA CARD SERVICES, N.A., a national bank,<br><br>    *Defendant*. | Case No. **'15CV2786 BAS BGS**<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

# CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Tatiana Olmos brings this Class Action Complaint and Jury Demand ("Complaint") against Defendant FIA Card Services, N.A. ("FIA") to seek redress for its sending of unsolicited text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. FIA, a consumer credit subsidiary of Bank of America, N.A., operates over 40 million credit card accounts with over $140 billion worth of outstanding balances.

2. FIA routinely contacts its account holders through telephone calls and text messages, usually at the telephone numbers they provide. But when a provided number does not work, FIA will find a new one on its own—a number that it necessarily lacks express consent to call.

3. Unfortunately, as a result, FIA regularly sends text messages to cell phone numbers, without consent, in violation of the TCPA.

4. The TCPA strictly forbids nuisance calls exactly like those alleged in this Complaint—intrusive text messages to private cell phones, placed to numbers obtained without the prior express consent of the call recipients.

5. FIA's violations caused Plaintiff and a Class of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited text messages, as well as the violation of their statutory rights.

6. Plaintiff seeks an injunction stopping FIA from sending unsolicited texts, as well as an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

7. Plaintiff Tatiana Olmos is a natural person and citizen of the State of California and resident of San Diego County, California.

8. Defendant FIA is a national bank with headquarters at 1100 North King Street, Wilmington, Delaware 19884. It regularly transacts business in the State of California and throughout the United States.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it routinely transacts business within this District, including sending text messages and collecting payments from residents of this District. Additionally, the specific conduct giving rise to this case was directed to a resident of this District.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant routinely transacts business within this District and sends text messages and collects payments from residents of this District. Moreover, Plaintiff resides in this District, and she received Defendant's text messages while in District.

**COMMON FACTUAL ALLEGATIONS**

11. FIA, a large national bank, services millions of credit card accounts for consumers throughout the United States. It regularly calls, emails, and sends text messages to these consumers, mostly at numbers they willfully provided.

12. But FIA also independently discovers telephone numbers that it associates with consumer accounts, often by using unreliable methods like "skip tracing" or "number trapping." FIA necessarily lacks prior express consent to call the numbers that it acquires without consumer knowledge or input, and yet it sends text messages to these numbers anyway.

13. Worse, FIA sends these texts using equipment that has the capacity to store or produce telephone numbers, and to dial such numbers, *en masse*, without any need for human intervention.

14. Not surprisingly, consumers complain. For example:



**Figure 1** (complaint that FIA traced a number to a relative, by mistake.)[1]

15. The TCPA is intended to give consumers control over how and where they receive calls and texts. When FIA independently discovers numbers to call and sends them unwanted text messages without consent, it takes this control away from consumers and violates the spirit and letter of the TCPA.

**FACTS SPECIFIC TO PLAINTIFF OLMOS**

16. In 2007 and 2008, Plaintiff Olmos incurred debts on FIA credit cards.

17. In July of 2014, Plaintiff obtained a new cellular telephone number. She never gave FIA this number or her prior express consent to call.

18. On April 29, 2015, FIA sent a text message from 345-22 to Plaintiff's new number that stated, "Please call FIA Card Services."

19. Again, on June 11, 2015, FIA sent another text message from 345-22 to Plaintiff that stated, "Please call FIA Card Services."

20. FIA sent these text messages without Plaintiff's prior express consent, using an automatic telephone dialing system.

---

[1] Consumer Affairs, *FIA Card Services*, https://www.consumeraffairs.com/credit_cards/fia.html (last accessed December 10, 2015).

CLASS ACTION COMPLAINT                     3

21. FIA knew it used an automatic telephone dialing system to send these text messages, without consent, to a number that Plaintiff never provided, and thus FIA knowingly and repeatedly violated the TCPA.

## CLASS ALLEGATIONS

22. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a Class of similarly situated individuals, defined as follows:

> All persons in the United States who: (1) received a text message sent by or on behalf of Defendant; (2) at his or her cellular telephone number; and (3) where Defendant had no record of prior express consent from such individual to send such message.

The following are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

23. **Numerosity**: The exact number of Class members is unknown at this time, but it is clear that individual joinder is impracticable. Defendant has sent texts to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

24. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text messaging calls.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

 (a) whether Defendant's conduct constitutes a violation of the TCPA;

 (b) whether the equipment Defendant used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

 (c) whether Defendant systematically sent text messages to persons who did not previously provide Defendant with their prior express consent to receive such messages; and

 (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

27. **Policies Generally Applicable to the Class:** This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect each of the Class members uniformly. Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

28. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227 *et seq*.
### (On behalf of Plaintiff and the Class)

29. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

30. Defendant sent text messages to Plaintiff's and the Class members' cellular telephone numbers without having prior express consent.

31. Defendant sent these text messages using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, *en masse*, simultaneously and without human intervention.

32. By sending text messages to cellular telephone numbers with an automated telephone dialing system and without prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

33. As a result of Defendant's unlawful conduct, Plaintiff and the Class suffered invasions of privacy and statutory rights and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in statutory damages for each such violation of the TCPA.

34. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tatiana Olmos, individually and on behalf of the Class, prays for the following relief:

1. An order certifying the Class as defined above, appointing Plaintiff Tatiana Olmos as the representatives of the Class, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant to cease all unsolicited telephone calling activities, and otherwise protecting the interests of the Class;

4. An award of reasonable attorneys' fees and costs; and

5. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

**TATIANA OLMOS** individually and on behalf of all others similarly situated,

Dated:  December 10, 2015        By:  s/ Daniel G. Shay
                                        One of Plaintiff's Attorneys

Daniel G. Shay, CA Bar #250548
danielshay@tcpafdcpa.com
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Suite 101B
San Diego, California 92108
Tel: 619.222.7429
Fax: 866.431.3292

CLASS ACTION COMPLAINT            7

Benjamin H. Richman*
brichman@edelson.com
J. Dominick Larry*
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Pro hac vice admission to be sought.

Counsel for Plaintiff and the Class.