Daniel G. Shay, CA Bar #250548
danielshay@tcpafdcpa.com
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Suite 101B
San Diego, California 92108
Tel: 619.222.7429
Fax: 866.431.3292

Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
J. Dominick Larry (Admitted *Pro Hac Vice*)
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiff and the Putative Classes*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATIANA OLMOS, individually and on behalf of all others similarly situated,<br><br>        *Plaintiff*,<br><br>*v.*<br><br>BANK OF AMERICA, N.A., a national bank, f/k/a FIA CARD SERVICES, N.A.,<br><br>        *Defendant*. | Case No. 15-cv-02786-BAS-BGS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>Hon. Cynthia Bashant<br><br>Magistrate Judge Bernard G. Skomal |

Plaintiff Tatiana Olmos brings this First Amended Class Action Complaint and Jury Demand ("Complaint") against Defendant Bank of America, N.A., f/k/a FIA Card Services, N.A. ("BOA") to seek redress for its sending of unsolicited text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"); the California Rosenthal, Act, Cal. Civ. Code §§ 1788 *et seq.* (the "CRA"); and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. BOA, a large national bank, operates millions of credit card accounts for consumers across the country. Many of these accounts are associated with BOA's former credit card subsidiary, FIA Card Services, N.A. Collectively, these accounts have hundreds of billions of dollars' worth of outstanding balances.

2. BOA routinely contacts its account holders through telephone calls and text messages, usually at the telephone numbers they provide. But when a provided number does not work, BOA will find a new one on its own—a number that it necessarily lacks express consent to call.

3. Unfortunately, as a result, BOA regularly sends text messages to cellphone numbers, without consent, in violation of the TCPA.

4. The TCPA strictly forbids nuisance calls exactly like those alleged in this Complaint—intrusive text messages to private cellphones, placed to numbers obtained without the prior express consent of the call recipients.

5. BOA's violations caused Plaintiff and a Class and Subclass of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited text messages, as well as the violation of their statutory rights.

6.    In response to Defendant's unlawful conduct, Plaintiff brings the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited phone call activities; an award of statutory damages; restitution of lost money or property; costs; reasonable attorneys' fees; and a declaration that Defendant's conduct violates the TCPA and CRA.

## PARTIES

7.    Plaintiff Tatiana Olmos is a natural person and citizen of the State of California and resident of San Diego County, California.

8.    Defendant BOA is a national bank with headquarters at 1100 North Tryon Street, Suite 170, Charlotte, North Carolina 28202. It regularly transacts business in the State of California and throughout the United States.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because those claims are so related to her federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

10.    This Court has personal jurisdiction over Defendant because it routinely transacts business within this District, including sending text messages to and collecting payments from residents of this District. Additionally, the specific conduct giving rise to this case was directed to a resident of this District.

11.    Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant routinely transacts business within this District and sends text messages and collects payments from residents of this District. Moreover, Plaintiff resides in this District, and she received Defendant's text messages while in District.

## COMMON FACTUAL ALLEGATIONS

12. BOA, a large national bank, services millions of credit card accounts for consumers throughout the United States. It regularly calls, emails, and sends text messages to these consumers.

13. But BOA also independently discovers telephone numbers that it associates with consumer accounts, often by using unreliable methods like "skip tracing" or "number trapping." BOA necessarily lacks prior express consent to call the numbers that it acquires without consumer knowledge or input, and yet it sends text messages to these numbers anyway.

14. Worse, BOA sends these texts using equipment that has the capacity to store or produce telephone numbers, and to dial such numbers, *en masse*, without any need for human intervention.

15. Not surprisingly, consumers complain. For example, one consumer made the following complaint online:



(**Figure 1**.)[1]

---

[1]    Consumer Affairs, *BOA Card Services*, www.consumeraffairs.com/credit_cards/BOA.html (last visited Jan. 29, 2016).

16.     The TCPA is intended to give consumers control over how and where they receive calls and texts. When BOA independently discovers numbers to call and sends them unwanted text messages without consent, it takes this control away from consumers and violates the spirit and letter of the TCPA.

**FACTS SPECIFIC TO PLAINTIFF OLMOS**

17.     In 2007 and 2008, Plaintiff Olmos incurred debts on BOA credit cards.

18.     In July of 2014, Plaintiff got a new cellular telephone number. She never gave BOA this number or her prior express consent to call it.

19.     On April 29, 2015, BOA sent a text message from 345-22 to Plaintiff's new number that stated, "(Free MSG) Please call FIA Card Services regarding a servicing matter at 1-888-795-6262 by 11pm ET today. Reply STOP to end texts."

20.     Again, on June 11, 2015, BOA sent another text message from 345-22 to Plaintiff that stated, "(Free MSG) Please call FIA Card Services regarding a servicing matter at 1-866-564-8172 by 11pm ET today. Reply STOP to end texts."

21.     A simple Internet search returns dozens of complaints from consumers who have received the same boilerplate messages from BOA, with only the toll-free telephone number varying from message to message.

22.     BOA sent these text messages without Plaintiff's prior express consent, using an automatic telephone dialing system.

23.     BOA knew it used an automatic telephone dialing system to send these text messages, without consent, to a number that Plaintiff never provided, and thus BOA knowingly and repeatedly violated the TCPA.

24.     As a result of Defendant's conduct, Plaintiff lost money or property in the form of consumed battery life and diminished use, enjoyment, and utility of her cellular telephone and cellular telephone plan.

**CLASS ALLEGATIONS**

25.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and a Class and Subclass of similarly

situated individuals, defined as follows:

> **Class:** All persons in the United States who: (1) received a text message sent by or on behalf of Defendant; (2) at his or her cellular telephone number; and (3) where Defendant had no record of prior express consent from such individual to send such message.

> **Subclass:** All members of the Class who reside in California.

The following are excluded from the Class and Subclass: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class and Subclass; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26.     **Numerosity**: The exact number of Class and Subclass members is unknown at this time, but it is clear that individual joinder is impracticable. Defendant has sent texts to thousands of consumers who fall into the definition of the Class and Subclass. Class and Subclass members can be identified through Defendant's records.

27.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class and Subclass, in that Plaintiff and the Class and Subclass members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text messaging calls.

28.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class and Subclass, and Defendant has no defenses unique to Plaintiff.

29.   **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not necessarily limited to the following:

    (a)   Whether Defendant's conduct constitutes a violation of the TCPA;

    (b)   Whether the equipment Defendant used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

    (c)   Whether Defendant systematically sent text messages to persons who did not previously provide Defendant with their prior express consent to receive such messages;

    (d)   Whether Defendant's telephone calling activities as alleged herein constitute unfair and/or unlawful business practices under California law; and

    (e)   Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

30.   **Policies Generally Applicable to the Class and Subclass:** This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and Subclass as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and Subclass members and making final injunctive relief appropriate with respect to the Class and Subclass as a whole. Defendant's practices challenged herein apply to and affect each of the Class and Subclass members uniformly. Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class and Subclass as a whole, not on facts or law applicable only to Plaintiff.

31.     **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and because joinder of all parties is impracticable. The damages suffered by the individual members of the Class and Subclass will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class and Subclass to obtain effective relief from Defendant's misconduct. Even if members of the Class and Subclass could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Class)

32.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

33.     Defendant sent text messages to Plaintiff's and the Class members' cellular telephone numbers without having prior express consent.

34.     Defendant sent these text messages using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, *en masse*, simultaneously and without human intervention.

35.     By sending text messages to cellular telephone numbers with an automated telephone dialing system and without prior express consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

36.     As a result of Defendant's unlawful conduct, Plaintiff and the Class suffered invasions of privacy and statutory rights and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500 in statutory damages for each such violation of the TCPA.

37.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

### SECOND CAUSE OF ACTION
**Violations of the CRA, Cal. Civ. Code §§ 1788 *et seq*.**
**(On behalf of Plaintiff and the California Subclass)**

38.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.     Plaintiff and the members of the California Subclass are natural persons obligated or allegedly obligated to pay debts incurred for personal, family, and/or household purposes, and as such are "persons" owing "consumer debts" within the meaning of Cal. Civ. Code §§ 1788.2(d)–(g).

40.     Defendant, in the ordinary course of business, regularly engages in acts or practices in connection with the collection of consumer debts, and as such is a "debt collector" within the meaning of Cal. Civ. Code § 1788.2(c).

41.     Defendant employed unfair or unconscionable means to collect or attempt to collect the consumer debts owed or alleged to be owed by Plaintiff and the California Subclass. Among other things, Defendant violated the TCPA, a federal anti-harassment law, when sending debt collection text messages to Plaintiff and the members of the California Subclass.

42.     By sending illegal and harassing text messages to collect on debts, Defendant violated, at a minimum, Cal. Civ. Code § 1788.17, by failing to comply with the provisions of Sections 1692b to 1692j of the FDCPA, inclusive. Among other things, Defendant attempted to collect debts through actions that cannot

legally be taken, 15 U.S.C. § 1692(e)(5), and while using unfair means, 15 U.S.C. § 1692(f), the natural consequences of which are to harass a person in connection with the collection of a debt, 15 U.S.C. § 1692(d).

43.     Defendant knew it had acquired Plaintiff's cellular telephone number, without her consent, and yet willfully continued to send her text messages anyway, in knowing and willful violation of the CRA.

44.     As a result of Defendant's unlawful conduct, Plaintiff and the California Subclass suffered harms, including invasions of privacy; consumed battery life; and diminished use, enjoyment, and utility of their cellular telephones and cellular plans.

45.     Accordingly, pursuant to Cal. Civ. Code §§ 1788.17 and 1788.30, Plaintiff and the California Subclass members are each entitled to, *inter alia*, actual damages, costs, and attorneys' fees, as well as additional statutory damages of up to $1,000 each.

**THIRD CAUSE OF ACTION**
**Violations of California's Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200 *et seq*.**
**(On Behalf of Plaintiff and the Subclass)**

46.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

47.     California's Unfair Competition Law ("UCL"), Cal Bus. & Prof. Code §§ 17200, *et seq.*, prohibits any unlawful, unfair, or fraudulent business act or practice. A business practice need only meet one of these three criteria to be considered unfair competition.

48.     As described herein, Defendant has engaged in unfair and unlawful business practices, as defined by the UCL, by having text messages sent to cellular telephone numbers with an automated telephone dialing system without the prior express consent of the called parties, in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

49.     Defendant knew that it used automated telephone dialing equipment to send text messages to cellular telephone numbers belonging to Plaintiff and the members of the Subclass.

50.     Defendant violated the UCL's unfair prong and caused substantial injury to consumers by knowingly accessing their cellular telephone equipment without consent, thereby consuming battery life and diminishing their use, enjoyment, and utility of their cellular telephones and cellular plans. The injuries caused by Defendant's unfair conduct are not outweighed by any countervailing benefits to consumers or competition, and the injuries are such that consumers themselves could not have reasonably avoided them.

51.     Defendant has also violated the UCL's unlawful prong by violating the TCPA, as described above.

52.     Defendant's unlawful and unfair conduct occurred during attempts to collect on consumer debts, and therefore occurred in the course of Defendant's business practices.

53.     Defendant's unfair and unlawful conduct directly and proximately caused Plaintiff and the Subclass a loss of money or property in the form of the wear and tear on their cellular telephone equipment, consumed battery life, and the diminishment in the use, enjoyment, value, and utility of their cellular telephone plans.

54.     Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order (1) requiring Defendant to cease the unfair and unlawful practices described herein; (2) requiring Defendant to restore to Plaintiff and each Subclass member any money acquired by means of unfair and/or unlawful competition (restitution); and, (3) awarding reasonable costs and attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tatiana Olmos, individually and on behalf of the Class and Subclass, prays for the following relief:

A.     An order certifying the Class and Subclass as defined above, appointing Plaintiff Tatiana Olmos as the representatives of the Class and Subclass, and appointing her counsel as Class Counsel;

B.     An award of actual and statutory damages;

C.     An injunction requiring Defendant to cease all unsolicited telephone calling activities;

D.     A declaratory judgment that Defendant's telephone calling equipment constitutes an automated telephone dialing system under the TCPA;

E.     A declaratory judgment that Defendant's use of skip tracing and text messaging violates the TCPA and the CRA;

F.     An injunction requiring Defendant to cease all use of automated or computerized telephone calling equipment without obtaining and maintaining records of the call recipients' prior express consent to receive calls made with such equipment;

G.     An order requiring Defendant to pay restitution for the money and property lost as a result of its unlawful telephone calling practices;

H.     An order requiring Defendant to disclose the names of any third-party companies involved in the generation of the text messages alleged herein, along with the terms of any contracts it has with such entities;

I.     An order requiring Defendant to permanently cease-and-desist from all unlawful conduct as alleged herein, and otherwise protecting the interests of the Class and Subclass;

J.     An award of reasonable attorneys' fees and costs; and

K.     Such other and further relief that the Court deems reasonable and just.

1

**JURY DEMAND**

2

Plaintiff requests a trial by jury of all claims that can be so tried.

3

Respectfully submitted,

4

**TATIANA OLMOS,** individually and
on behalf of all others similarly situated,

5

6

Dated:  February 10, 2016

By: /s/ Benjamin H. Richman
One of Plaintiff's Attorneys

7

8

Daniel G. Shay, CA Bar #250548
danielshay@tcpafdcpa.com
LAW OFFICE OF DANIEL G. SHAY
409 Camino Del Rio South, Suite 101B
San Diego, California 92108
Tel: 619.222.7429
Fax: 866.431.3292

9

10

11

12

Benjamin H. Richman*
brichman@edelson.com
J. Dominick Larry*
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

13

14

15

16

17

18

*Admitted *pro hac vice*

19

20

21

22

23

24

25

26

27

28