TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000

JESSICA ANNE ROBERTS (CA SBN 265570)
JRoberts@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive
San Diego, California  92130-2040
Telephone: 858.720.5100

Attorneys for Defendant
BANK OF AMERICA, N.A.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATIANA OLMOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., a national bank, f/k/a FIA CARD SERVICES, N.A.,<br><br>Defendant. | Case No. 3:15-cv-02786-BAS-BGSx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BANK OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:     April 18, 2016<br>Ctrm:    4B<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

# TABLE OF CONTENTS

| | | | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | BACKGROUND | | 2 |
| III. | LEGAL STANDARD | | 3 |
| IV. | ARGUMENT | | 4 |
| | A. | Plaintiff's TCPA Claim Fails. | 4 |
| | B. | Plaintiff's California Rosenthal Act Claim Also Fails. | 6 |
| | C. | Plaintiff's Claim Under the UCL Fails. | 8 |
| | | 1. Plaintiff Does Not Allege Standing to Pursue a Claim Under the UCL. | 8 |
| | | 2. Plaintiff Does Not State a Claim Under the "Unlawful" Prong of the UCL. | 9 |
| | | 3. Plaintiff Does Not State a Claim Under the "Unfair" Prong of the UCL. | 10 |
| V. | CONCLUSION | | 11 |

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................ 3, 4, 5

*Bailey v. Sec. Nat'l Servicing Corp.*,
  154 F.3d 384 (7th Cir. 1998) ................................................................................. 6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................ 3, 4

*Birdsong v. Apple Inc.*,
  590 F.3d 955 (9th Cir. 2009) .................................................................................. 8

*Casault v. Fannie Mae*,
  915 F. Supp. 2d 1113 (C.D. Cal. 2012) .................................................................. 7

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
  20 Cal. 4th 163 (1999) .......................................................................................... 10

*Cole v. Toll*,
  No. 07-0590, 2007 U.S. Dist. LEXIS 85173 (E.D. Pa. Nov. 16, 2007) ................. 6

*Conley v. Gibson*,
  355 U.S. 41 (1957) .................................................................................................. 4

*Daugherty v. Am. Honda Motor Co.*,
  144 Cal. App. 4th 824 ............................................................................................. 9

*Drum v. San Fernando Valley Bar Ass'n*,
  182 Cal. App. 4th 247 (2010) ............................................................................... 11

*Duell v. First Nat' Bank of Omaha*,
  No. 14cv2774-WQH-JLV, 2015 U.S. Dist. LEXIS 99169 (S.D. Cal. July
  29, 2015) .................................................................................................................. 6

*Gerbery v. Wells Fargo Bank, N.A.*,
  No. 13-CV-614-MMA(DHB), 2013 U.S. Dist. LEXIS 107744 (S.D. Cal.
  July 31, 2013) .......................................................................................................... 9

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Gillespie v. Chase Home Fin., LLC*,
   No. 3:09-CV-191-TS, 2009 U.S. Dist. LEXIS 108837 (N.D. Ind. Nov. 20, 2009) .................................................................................................................... 7

*Herskowitz v. Apple Inc.*,
   940 F. Supp. 2d 1131 (N.D. Cal. 2013) ................................................................ 10, 11

*Hodges v. Apple Inc.*,
   13-cv-01128-WHO, 2013 U.S. Dist. LEXIS 114374 (N.D. Cal. Aug. 12, 2013) .................................................................................................................... 9

*Holt v. Redbox Automated Retail, LLC*,
   No. 11cv3046 DMS (RBB), 2013 U.S. Dist. LEXIS 189689 (S.D. Cal. June 20, 2013) ...................................................................................................... 4

*Indep. Cellular Tel., Inc. v. Daniels & Assocs.*,
   863 F. Supp. 1109 (N.D. Cal. 1994) ..................................................................... 9

*Kielty v. Midland Credit Mgmt.*,
   No. 14-cv-0541-BAS(BGS), 2015 U.S. Dist. LEXIS 9918 (S.D. Cal. Jan. 28, 2015) ............................................................................................................. 6

*Knutson v. Reply!, Inc.*,
   No. 10-CV-1267 BEN (WMC), 2011 U.S. Dist. LEXIS 7887 (S.D. Cal. Jan. 27, 2011) ....................................................................................................... 5

*Meyer v. Portfolio Recovery Assoc., LLC*,
   707 F.3d 1036 (9th Cir. 2012) ............................................................................... 4

*Oxina v. Lands' End, Inc.*,
   14-cv-2577-MMA (NLS), 2015 U.S. Dist. LEXIS 94847 (S.D. Cal. June 19, 2015) ............................................................................................................. 10

*People v. McKale*,
   25 Cal. 3d 626 (1979) ............................................................................................. 9

*Pietzak v. Microsoft Corp.*,
   No. 15-5527-R, 2015 U.S. Dist. LEXIS 165204 (C.D. Cal. Nov. 17, 2015) .... 8, 9

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Porter v. Fairbanks Capital Corp.*,
   No. 01 C 9106 , 2003 U.S. Dist. LEXIS 8636 (N.D. Ill. May 20, 2003) ............... 7

*Riggs v. Prober & Raphael*,
   681 F.3d 1097 (9th Cir. 2012) ............................................................................. 6

*Rubio v. Capital One Bank*,
   613 F.3d 1195 (9th Cir. 2010) ............................................................................. 8

*Smith v. Microsoft Corp.*,
   297 F.R.D. 464 (S.D. Cal. 2014) ........................................................................ 4

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) ............................................................................. 5

*Stoba v. Saveology.com, LLC*,
   No. 13-cv-2925-BAS(NLS), 2014 U.S. Dist. LEXIS 98058 (S.D. Cal.
   July 18, 2014) ...................................................................................................... 9

*Walcker v. SN Commercial, LLC*,
   286 F. App'x 455 (9th Cir. 2008) .................................................................... 6, 7

*Williams v. T-Mobile USA, Inc.*,
   No. 15-CV-03384-JSW, 2015 U.S. Dist. LEXIS 140077 (N.D. Cal. Oct.
   14, 2015) .......................................................................................................... 5, 6

# TABLE OF AUTHORITIES
## (continued)

**Page**

**STATUTES**

15 U.S.C. §§ 1692 *et seq.* .................................................................................... 6

47 U.S.C. § 227 ..................................................................................................... 1

47 U.S.C. § 227(b)(1)(A) ...................................................................................... 4

47 U.S.C. § 227(b)(1)(A)(iii) ................................................................................ 9

Cal. Bus. & Prof. Code §§ 17200 *et seq* ........................................................... 1, 9

Cal. Civ. Code §§ 1788 *et seq* ........................................................................... 1, 6

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................. 3

## I. INTRODUCTION

Plaintiff Tatiana Olmos ("Plaintiff") brings this putative class action claiming she was injured by the receipt of two text messages from a company that she admits provided her with credit card loans. Solely based on the receipt of two isolated text messages regarding a servicing matter, she purports to state claims against Bank of America, N.A. ("BOA") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"); the California Rosenthal Act, Cal. Civ. Code §§ 1788 *et seq.* (the "Rosenthal Act"); and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"). But Plaintiff's First Amended Complaint ("FAC") fails to allege specific facts that would raise her right to relief beyond mere speculation and fails to allege the required elements for any of these claims.

Plaintiff admits that she incurred debts on credit cards issued by BOA. Plaintiff's complaint is based solely on the alleged receipt of two text messages from BOA regarding a "servicing matter." Despite her admission that she had an account with BOA, she claims that BOA used "skip tracing" or "number trapping" to identify her cell phone number, and accordingly, she could not have provided her consent to text that cell phone number. Yet Plaintiff alleges insufficient facts to show that BOA sent text messages to its own customer without consent. Similarly, Plaintiff's bald assertion ― without any specific factual allegations ― that BOA used an automated telephone dialing system to send the text messages at issue is plainly insufficient. Plaintiff has not stated a claim under the TCPA.

While Plaintiff's other claims rely heavily on her failed TCPA claim, they also should be dismissed for independent reasons. Plaintiff's Rosenthal Act claim fails because she does not allege any facts showing that BOA's conduct occurred as part of an "attempt to collect any debt." Plaintiff merely alleges that the two text messages she received were related to a "servicing matter." These messages do not "demand" any payment, as required to state a claim under the Rosenthal Act.

Plaintiff's UCL claim also fails because the FAC does not allege any "lost money or property" to establish standing under the UCL, and Plaintiff's conclusory allegations also fall short of pleading the necessary elements under the "unfair" or "unlawful" prongs of the UCL.

The Court should dismiss Plaintiff's entire FAC for failure to state a claim.

## II. BACKGROUND

Plaintiff admits to incurring debts on BOA credit cards in 2007 and 2008. (FAC ¶ 17.) Plaintiff claims that in July of 2014, she got a new cellular telephone number and did not give BOA this number, or her prior express consent to call it. (*Id.* ¶ 18.) Plaintiff does not allege that BOA never had her prior express consent to contact her. (*See generally id.*) Nor does she describe the scope of the consent she provided. (*Id.*)

Plaintiff claims she received two text messages from BOA, allegedly on April 29, 2015 and June 11, 2015. (*Id.* ¶¶ 19, 20.) Plaintiff states that both messages were from "345-22" and contained the following text:

> (Free MSG) Please call FIA Card Services regarding a servicing matter at 1-888-795-6262 by 11 pm ET today. Reply STOP to end texts.

Plaintiff does not allege that she texted "STOP" in response to either message, or that she took any action to indicate that she did not consent to them. (*See generally id.*) Plaintiff does not allege that she ever called the number identified in the text. (*Id.*) Although the allegedly violating conduct is limited to the receipt of two "FREE" text messages, the FAC claims that "Plaintiff lost money or property in the form of consumed battery life and diminished use, enjoyment, and utility of her cellular telephone and cellular telephone plan." (*Id.* ¶ 24.)

Plaintiff asserts, without any specific supporting fact allegations, that these two text messages were sent "using an automatic telephone dialing system." (*Id.* ¶ 22.) The FAC further asserts that "BOA… independently discovers telephone numbers that it associates with consumer accounts, often by using unreliable

methods like 'skip tracing' or 'number trapping.'" (*Id.* ¶ 13.) Beyond the allegation that Plaintiff claims not to have provided BOA her telephone number, her sole basis for alleging that BOA uses "skip tracing" or "number trapping" is an unverified internet posting. In this posting, an unknown poster claims that she received a single text message to call FIA Card Services "regarding a servicing matter." (*Id.* ¶ 15, Figure 1.) This posting does not state that FIA or BOA obtained her number through improper means. (*Id.*) Rather, the poster claims that she is unsure why she received the text, but states that when she called the number provided in the text message, a representative asked for "Joe," which is the name of her elderly father and her brother. (*Id.*) There is no indication as to whether her father or brother was a customer of FIA or BOA, whether either had provided FIA or BOA with consent to call the cell phone number at issue, whether either had been the customary user of that phone number, or whether consent had otherwise been given. (*Id.*) This unverified posting is completely unrelated to Plaintiff and cannot possibly support ***her*** claims.

Based on these speculative allegations, Plaintiff seeks statutory damages; restitution of lost money or property; costs; reasonable attorneys' fees; and injunctive relief under the TCPA, the Rosenthal Act, and the UCL, on behalf of herself, a "Class" and a "Subclass." (*Id.* ¶ 25.) The Class purports to include individuals who "received a text message sent by or on behalf of Defendant at his or her cellular telephone number… where Defendant had no record of prior express consent from such individual to send such message." (*Id.*) The Subclass purports to include all members of the Class who reside in California. (*Id.*)

### III.  LEGAL STANDARD

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The purpose of this requirement and the pleading standard in

Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, a complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," dismissal is warranted. *Id*. at 679. A complaint stating facts "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557).

## IV.   ARGUMENT

### A.   Plaintiff's TCPA Claim Fails.

Plaintiff asserts violations of the autodialing restrictions in the TCPA, 47 U.S.C. § 227(b)(1)(A). To state a claim under this section, at a minimum, Plaintiff must assert enough factual allegations to show that BOA (1) sent a text to the called party without that party's prior express consent; (2) using an automatic telephone dialing system ("ATDS"); (3) to a telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A). Under Ninth Circuit authority, a plaintiff must plead lack of prior express consent as an element of a TCPA claim. *See Meyer v. Portfolio Recovery Assoc., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (listing lack of prior express consent as an element of a TCPA claim); *see also Smith v. Microsoft Corp.*, 297 F.R.D. 464, (S.D. Cal. 2014) (recognizing that *Meyer* "noted that express consent is actually one of the three elements of a TCPA claim"); *Holt v. Redbox Automated Retail, LLC*, No. 11cv3046 DMS (RBB), 2013 U.S. Dist. LEXIS 189689, *8 (S.D. Cal. June 20, 2013) (holding that "a plaintiff must allege lack of consent as an element of her claim.").

Plaintiff's FAC contains conclusions and speculation — not fact allegations

― to support her claim that BOA did not have prior express consent to text the phone number at issue. Plaintiff admits that she incurred debts on BOA credit cards and does not deny that she entered into a binding customer agreement with BOA and was a BOA customer at the time she allegedly received two messages regarding a "servicing matter." (FAC ¶¶ 17-20.) The single unverified internet posting purportedly by an unknown third party does not support her allegations that BOA sent text messages to cell phone numbers without the proper consent under the TCPA.

Additionally, Plaintiff does not allege any facts that would plausibly show that BOA utilized an ATDS to place the calls at issue. Her conclusory allegations are essentially identical to allegations that a California district court recently found to be insufficient. In *Williams v. T-Mobile USA, Inc.*, the plaintiff, like Plaintiff here, baldly alleged that the defendant made calls using equipment that had the capacity to store, produce, and dial numbers "without human intervention." *See Williams v. T-Mobile USA, Inc.*, No. 15-CV-03384-JSW, 2015 U.S. Dist. LEXIS 140077, at *4 (N.D. Cal. Oct. 14, 2015); (FAC ¶ 24 (alleging use of ATDS)). Because these were mere "legal conclusions couched as facts," and there were no "underlying facts to support the nature of the calls or the frequency with which they were made," the court held that the plaintiff failed to allege facts "from which the Court could reasonably and plausibly infer" the use of an ATDS. *Williams*, 2015 U.S. Dist. LEXIS 140077, at *6. *See also Knutson v. Reply!, Inc.*, No. 10-CV-1267 BEN (WMC), 2011 U.S. Dist. LEXIS 7887, at *2-*3 (S.D. Cal. Jan. 27, 2011). The same is true here.

Plaintiff's allegations are precisely the sort of "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that the Supreme Court has found must be dismissed. *See Iqbal*, 556 U.S. at 678 (citation omitted). Under these circumstances, BOA should not be subjected to "the expense of discovery and continued litigation" when Plaintiff has not pled facts that could "plausibly suggest

an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### B. Plaintiff's California Rosenthal Act Claim Also Fails.

Plaintiff also has failed to state a claim under California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("Rosenthal Act"). Under section 1788.17 of the code, the Rosenthal Act requires debt collectors "collecting or attempting to collect a consumer debt" to comply with provisions of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Plaintiff relies on alleged violations of the FDCPA in her attempt to state a claim under section 1788.17 of the Rosenthal Act. (FAC ¶ 42.) But Plaintiff does not state a claim under the FDCPA, and therefore the Rosenthal Act, because the conduct alleged in the FAC is not alleged to have occurred as part of an "attempt to collect any debt."

Not all of a lender's communications with a borrower are subject to the FDCPA merely because that borrower happens to be delinquent. *See Walcker v. SN Commercial, LLC*, 286 F. App'x 455, 457 (9th Cir. 2008).[1] Rather, a plaintiff asserting an FDCPA claim must show that the lender's communication involved a "demand" for payment on the delinquent debt. *Id.*; *see also Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 388-89 (7th Cir. 1998) (affirming dismissal of FDCPA claim because the letter at issue "does not 'demand' any payment" and "merely informs" the recipient about the "'current status' of their account"); *Cole v.*

---

[1] Because the Rosenthal Act "incorporates by reference the FDCPA's requirements…and makes available the FDCPA's remedies for violations" under section 1788.17 (which is relied on by Plaintiff here), a Rosenthal Act violation turns on whether there is a FDCPA violation. *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012); *see also Duell v. First Nat' Bank of Omaha*, No. 14cv2774-WQH-JLV, 2015 U.S. Dist. LEXIS 99169, *14-*15 (S.D. Cal. July 29, 2015) (holding that because the plaintiff failed to state a claim under the FDCPA, plaintiff also failed to state a claim pursuant to Section 1788.17); *Kielty v. Midland Credit Mgmt.*, No. 14-cv-0541-BAS(BGS), 2015 U.S. Dist. LEXIS 9918, *19-*20 (S.D. Cal. Jan. 28, 2015) (finding violation of FDCPA a predicate to violation of the Rosenthal Act and dismissing Rosenthal Act claim based on failure to allege viable FDCPA claim).

*Toll*, No. 07-0590, 2007 U.S. Dist. LEXIS 85173, at *14 (E.D. Pa. Nov. 16, 2007) (dismissing FDCPA claim because "[a]t no point does the notice represent that the debt is owed by plaintiffs, indicate that they are required to pay the debt, or request that they remit any payment").

Federal courts have repeatedly held that communications do not fall under the FDCPA where no demand for payment is made. In *Walcker*, for example, the loan servicer sent a letter to the borrowers discussing "options for the [borrowers] to pay off their loan." 286 F. App'x at 456. The Ninth Circuit concluded that such letters were not sent in connection with debt collection because they were "informational," not "demands for payment." *Id.* at 457 (interpreting the FDCPA). Similarly, in *Porter v. Fairbanks Capital Corp.*, No. 01 C 9106 , 2003 U.S. Dist. LEXIS 8636 (N.D. Ill. May 20, 2003), the court held that a communication that "suggests possible loan workout options" for delinquent debts was not made in connection with debt collection, because it "does not demand payment from plaintiff." *Id.*, at *7-*8 (dismissing FDCPA claim); *see also Gillespie v. Chase Home Fin., LLC*, No. 3:09-CV-191-TS, 2009 U.S. Dist. LEXIS 108837, at *15 (N.D. Ind. Nov. 20, 2009) (dismissing FDCPA claim based on letter describing "options" available to "resolve [borrowers'] delinquencies" because, "[a]though ensuring payment of the debts cannot be denied as the Defendant's ultimate goal, the letters themselves did not provide terms of payment or deadlines, threaten further collection proceedings, or demand payment in any form").

The only conduct alleged in the FAC is two text messages instructing Plaintiff to call FIA Card Services regarding a "servicing matter." These text messages contained no "demand" for payment. Because Plaintiff cannot allege a predicate violation of the FDCPA, her Rosenthal Act claim must be dismissed. *See Casault v. Fannie Mae*, 915 F. Supp. 2d 1113, 1127 (C.D. Cal. 2012) (dismissing Rosenthal Act claim for failure to allege defendant was "debt collector" under meaning of the FDCPA).

### C. Plaintiff's Claim Under the UCL Fails.

Plaintiff alleges that Defendant violated the unlawful and unfair prongs of the UCL "by having text messages sent to cellular telephone numbers with an automated telephone dialing system without the prior express consent of the called parties, in violation of TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)." (FAC ¶ 48.)  But Plaintiff has not established that she has standing to assert a UCL claim and also has not stated a claim under either the "unlawful" or "unfair" prong.

#### 1. Plaintiff Does Not Allege Standing to Pursue a Claim Under the UCL.

To assert a claim under the UCL, Plaintiff must satisfy the *specific* standing requirements under section 17204 of the statute.  For a private plaintiff, the UCL requires that the plaintiff has "suffered injury in fact and . . . lost money or property as a result of the unfair competition." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010); *see also Birdsong v. Apple Inc.*, 590 F.3d 955, 960 (9th Cir. 2009) ("[P]laintiffs must show . . . that they suffered a ***distinct and palpable injury*** as a result of the alleged unlawful or unfair conduct.") (emphasis added).

Plaintiff alleges that she was injured by the receipt of two text messages on her cell phone.  She asserts, without any factual basis, that she suffered from "consumed battery life and diminished use, enjoyment, and utility of her cellular telephone and cellular telephone plan." (FAC ¶ 24.)  This theory of injury is contradicted by Plaintiff's own allegations.  Plaintiff admits that the texts she allegedly received were "free," so she could not have suffered any "diminished use" of her cell phone plan or paid any money for these text messages. (*Id.* ¶¶ 19-20.)  Moreover, nothing in the FAC supports the notion that the receipt of two text messages caused Plaintiff's cell phone to lose battery life, or that she suffered any "diminished use, enjoyment, and utility of her cellular telephone." General allegations of injury are insufficient.  *See Pietzak v. Microsoft Corp.*, No. 15-5527-R, 2015 U.S. Dist. LEXIS 165204, *5 (C.D. Cal. Nov. 17, 2015) (finding

MPA ISO BOA'S MOTION TO DISMISS
Case No. 3:15-cv-02786-BAS-BGSx

sd-677268

conclusory allegations of "financial loss" based on receipt of unwanted texts insufficient to establish standing under the UCL); *Gerbery v. Wells Fargo Bank, N.A.*, No. 13-CV-614-MMA(DHB), 2013 U.S. Dist. LEXIS 107744, *19-*20 (S.D. Cal. July 31, 2013) (finding general allegations of harm without additional facts insufficient to allege a claim). Instead, "[i]n order to have standing to pursue a UCL action, Plaintiffs must allege facts that demonstrate lost money or property." *Stoba v. Saveology.com, LLC*, No. 13-cv-2925-BAS(NLS), 2014 U.S. Dist. LEXIS 98058, *6 (S.D. Cal. July 18, 2014). Plaintiff has not alleged *any facts* showing that she lost "money or property" caused by the receipt of two free text messages. Plaintiff cannot establish the standing required to assert a UCL claim.

### 2.  Plaintiff Does Not State a Claim Under the "Unlawful" Prong of the UCL.

An "unlawful" practice or act under the UCL must "properly be called a business practice [] that at the same time is forbidden by law." *People v. McKale*, 25 Cal. 3d 626, 634 (1979) (citation omitted). Courts routinely dismiss UCL claims where the plaintiff has not established a predicate violation of underlying law. *See, e.g., Indep. Cellular Tel., Inc. v. Daniels & Assocs.*, 863 F. Supp. 1109, 1118 (N.D. Cal. 1994).

Plaintiff sole basis for her claim under the "unlawful" prong of the UCL is her alleged violation of the TCPA. (FAC ¶ 51 (alleging "Defendant…violated the UCL's unlawful prong by violating the TCPA.") But as discussed above, Plaintiff has not stated a viable predicate claim under the TCPA (or the Rosenthal Act), and therefore cannot plead any "unlawful" act under the UCL. *Pietzak*, 2015 U.S. Dist. LEXIS 165204, at *4-*5 (holding that "Plaintiffs' claim under California Business and Professions Code § 17200 is premised entirely on the alleged violation of the federal TCPA and accordingly fails" for the same reasons; *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 837-38 (dismissing UCL claim for lack of a violation of statute or other law); *Hodges v. Apple Inc.*, 13-cv-01128-WHO, 2013

U.S. Dist. LEXIS 114374, at *21-*22 (N.D. Cal. Aug. 12, 2013) ("Because Hodges fails to plead with particularity how [defendant] violated any statute, he also fails to adequately plead a violation under the UCL's 'unlawful' prong.").

### 3. Plaintiff Does Not State a Claim Under the "Unfair" Prong of the UCL.

Although the UCL does not define the term "unfair," California courts have developed at least two possible tests for "unfairness" within the meaning of the statute.[2] *See Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1145 (N.D. Cal. 2013); *see also Oxina v. Lands' End, Inc.*, 14-cv-2577-MMA (NLS), 2015 U.S. Dist. LEXIS 94847 (S.D. Cal. June 19, 2015). Plaintiff's allegations do not satisfy either test.

Under the first test, Plaintiff must allege that BOA's purported conduct violated a public policy that is "tethered" to specific constitutional, regulatory, or statutory provisions. *Herskowitz*, 940 F. Supp. 2d at 1145. This "tethering" is required because "[c]ourts may not simply impose their own notions of the day as to what is fair or unfair." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 182, 185 (1999). Plaintiff's allegations that Defendant "violated the UCL's unfair prong" are based on battery consumption and diminishing cell phone use. (*See id.* ¶ 50.) But—in addition to being unsupported by facts—Plaintiff has not identified any "public policy" that is "tethered" to a legal provision that sufficiently supports her claim of "unfair" conduct under the UCL. (*See* FAC ¶¶ 46-64.)

The second test "examines whether the challenged business practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to

---

[2] As noted in *Herskowitz*, the Ninth Circuit has rejected a third, multipronged test contained in the Federal Trade Commission Act as inapplicable in the consumer context. *Herskowitz*, 940 F. Supp. 2d at 1146 n.6; *see also Oxina*, 2015 U.S. Dist. LEXIS 94847 at *24 n.6.

consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Herskowitz*, 940 F. Supp. 2d at 1145-46; *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010) (citation and internal quotation marks omitted).

Plaintiff admits that she incurred debts on BOA credit cards. (FAC ¶ 17.) Plaintiff alleges that she was harmed by the receipt of two text messages, but she admits they were both *free*. (FAC ¶¶ 19-20.) She further admits that both messages only requested that she call "regarding a servicing matter," and she does not allege that she did anything to tell BOA that she did not consent to those texts. (*Id.* ¶¶ 19-20; *see generally* FAC.) The harm Plaintiff claims to have suffered as a result of receiving two text messages is limited to unsubstantiated, generic allegations of "consumed battery life and diminished use, enjoyment, and utility of her cellular telephone and cellular telephone plan." (*Id.* ¶ 24.) In conclusory fashion, Plaintiff claims these "injuries caused by Defendant's unfair conduct are not outweighed by any countervailing benefits." (*Id.* ¶ 50.) But, as discussed above, these are not factually supported allegations of any actual "injury." (*See* Section IV.C.1) In contrast, there are clear benefits to customers receiving free text messages regarding servicing matters related to their credit card accounts. Plaintiff cannot plausibly claim that BOA engaged in any "immoral, unethical, oppressive, unscrupulous or substantially injurious" conduct through sending these two text messages to its own customer.

## V. CONCLUSION

BOA respectfully requests this Court dismiss Plaintiff's First Amended Complaint because Plaintiff has failed to allege the facts required to plead the elements of any of her claims.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: March 2, 2016 | MORRISON & FOERSTER LLP |

By:  /s/Tiffany Cheung
    TIFFANY CHEUNG
    TCheung@mofo.com

Attorneys for Defendant
BANK OF AMERICA, N.A.