UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TATIANA OLMOS, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A., formerly known as FIA CARD SERVICES, N.A.,,<br><br>         Defendant. | Case No. 15-cv-2786-BAS-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART BANK OF AMERICA'S MOTION TO DISMISS (ECF No. 20);**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY (ECF No. 23); AND**<br><br>**(3) DENYING DEFENDANT'S REQUEST TO FILE FURTHER BRIEFING ON THE SUPPLEMENTAL AUTHORITY (ECF No. 24)** |

Defendant Bank of America brings this Motion requesting that all three Counts of the First Amended Complaint ("FAC") be dismissed. (ECF No. 20.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Bank of America's Motion.

**I. STATEMENT OF FACTS**

The FAC (ECF No. 18) alleges that in 2007 and 2008 Tatiana Olmos ("Olmos") incurred debts on her Bank of America credit card. (FAC ¶17.) In July of 2014, she got a new cellular telephone number, which she never gave to Bank of America. (FAC ¶18.)

On both April 29, 2015 and June 11, 2015, Olmos received identical text messages telling her to call FIA card services regarding "a servicing matter." (FAC ¶¶19, 20.) The FAC alleges Olmos never gave Bank of America prior express consent to send these text messages or to call this cellular telephone number. (FAC ¶¶18, 22.)

The FAC alleges that Bank of America sent these two text messages using an Automated Telephone Device System ("ATDS"). (FAC ¶22.) The messages had identical wording sent from "345-22" and ended with the wording "Reply STOP to end texts." (FAC ¶¶19, 20.)

Although the FAC never specifically states that Olmos was injured as a result of these calls, it does say that the calls consumed battery life and diminished "use, enjoyment and utility" of all class members' cellular telephones plans. (FAC ¶50.) Thus, the calls caused a loss of money or property "in the form of wear and tear on their cellular telephone equipment, consumed battery life and the diminishment in the use, enjoyment, value and utility of their cellular telephone plans." (FAC ¶53.)

## II.   LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombley*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alteration in original). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

As a general rule, a court freely grants leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### III.  ANALYSIS

Bank of America moves to dismiss all three counts of the FAC. For the reasons stated below, this Court **GRANTS** the Motion with respect to Counts Two and Three but **DENIES** the Motion with Respect to the first Count.

**A. Count One—Violation of TCPA**

Count One alleges a violation of the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. §227.  Bank of America moves to dismiss this count claiming the conclusory allegations of lack of express consent and use of an automated telephone dialing system are insufficient.  This Court disagrees.

"The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number, (2) using an automatic telephone dialing system ["ATDS"], (3) without the recipient's prior consent." *Meyer v. Portfolio Recovery Assoc., LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012), citing 47 U.S.C. §227(b)(1).  Text messages are encompassed in the term "called."  *Maier v. J.C. Penney Corp.,* No. 13-cv-163-IEG (DHB), 2013 WL 3006415 at *2 (S.D. Cal. June 13, 2013), citing *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 952 (9th Cir. 2009).

Courts facing a motion to dismiss on the grounds that the allegations of use of an ATDS are insufficient have taken two approaches.  *Maier*, at *3.  Under the first approach, courts allow a plaintiff to make minimal allegations at the complaint stage, permitting discovery to proceed on the issue of use of an ATDS, because the information is in the sole possession of the defendant.  *Id.,* citing *In re Jiffy Lube Int'l Inc., Text Spam Litig.,* 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012).  Under the second approach, courts require more than the mere statutory language, requiring some factual allegations that would lead to the inference that an ATDS was used. *Maier* at *3, citing *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010).  Even under this second approach, Plaintiffs are generally allowed "to rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference than an . . . [ATDS] was utilized.  Prior to initiation of discovery, courts cannot expect more." *Maier* at *3.

Under either approach, Plaintiff has made sufficient allegations that an ATDS was used in this case.  The FAC alleges generally that Bank of America sent these text messages using an Automated Telephone Device System ("ATDS"). (FAC ¶22.) The FAC also alleges factual support for this allegation, stating that the messages

were completely identical; they both were sent from "345-22," which suggests the use of an ATDS; and they ended with the wording "Reply STOP to end texts." (FAC ¶¶19, 20.)  All of these facts support Plaintiff's conclusory allegations that an ATDS was used, and sufficient indirect allegations allow discovery to proceed on this issue. Bank of America also argues that Plaintiff's allegations of lack of prior consent are insufficient.  Plaintiff argues this is an affirmative defense that need not be alleged in the Complaint.  The Court disagrees, but finds that the allegations in the FAC that Plaintiff never gave her new cellular telephone number to Bank of American and never gave Bank of America express consent to send her text messages or call her cellular telephone (FAC ¶¶ 18, 22) are sufficient at this stage of the proceedings. Accordingly, the Court **DENIES** Bank of America's Motion to Dismiss Count One.

### B. Count Two—Violation of the Rosenthal Act, Cal. Civ. Code §1788

Count Two alleges a violation of the Rosenthal Act for using unfair or unconscionable means to collect a debt in violation of the Fair Debt Collections Practices Act ("FDCPA").  Bank of America moves to dismiss pointing out that Olmos alleges insufficient facts to support her theory that the texts were sent to collect a debt.  This Court agrees.

The FDCPA "generally prohibits 'debt collectors' from engaging in abusive, deceptive or unfair debt collection practices." *Gburek v. Litton Loan Servicing, LP,* 614 F.3d 380, 384 (7th Cir. 2010), citing 15 U.S.C. §1692 et seq.  For the FDCPA to apply, two threshold criteria must be met. *Id.* First, the communication must be from a "debt collector" and, second, "the communication by the debt collector that forms the basis of the suit must have been made 'in connection with the collection of any debt.'" *Id.,* quoting 15 U.S.C. 1692c(a)-(b), 1692e and 1692g.  The parties agree that Bank of America is a "debt collector."  The issue in this Motion is whether the two text messages were made "in connection with the collection of any debt."

The FDCPA does not apply to every communication between a debt collector and a debtor. *Bailey v. Sec. Nat. Servicing Corp.*, 154 F.3d 384, 388-389 (7th Cir.

1998). However, the communication need not be an explicit demand for payment, as long as the communication is made specifically to induce the debtor to settle her debts. *Gburek,* at 385, citing *Horkey v. J.V.D.B. Assoc., Inc.,* 333 F.3d 769, 774 (7th Cir. 2003). "[T]he absence of a demand for payment is just one of several factors that come into play in the commonsense inquiry of whether a communication from a debt collector is made in connection with the collection of any debt." *Gburek* at 385.

In this case, the Court is limited to the allegations in the FAC, which are very sparse. Plaintiff alleges she incurred debts on her Bank of America credit card in 2007 and 2008. (FAC ¶17.) Seven years later, she received two texts messages which said: "(Free MSG) Please call FIA Card Services regarding a servicing matter at 1-888-795-6262 by 11 pm ET today. Reply STOP to end texts." (FAC ¶¶ 19, 20). Although the FAC alleges FIA Card Services is Bank of America's former credit card subsidiary (FAC ¶11), this Court cannot assume that the message was sent in order to collect debts or even in connection in any way with Plaintiff's debts. "Servicing matter" could be referring to services that FIA Card Services could offer to plaintiff and the very tenor of the message makes it appear more likely that it was advertising some sort of additional service as opposed to collecting a debt. Without more, the Court cannot assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc.*, 459 U.S. at 526. Therefore, Bank of America's Motion to Dismiss Count Two is **GRANTED**. However, since Plaintiff may be able to add facts that make it clear that this communication was made in connection with a debt, the Court will grant Plaintiff leave to amend this Count.

### C. Count Three—Violation of the Unfair Competition Law, Cal. B&P Code §17200 et seq.

Count Three alleges that Bank of America violated both the unfair and the unlawful prongs of California's Unfair Competition Law. Bank of America claims Olmos alleges insufficient facts to support standing. This Court agrees.

To allege standing under California's Unfair Competition Law ("UCL"), "as amended by Proposition 64, [P]laintiff[] must establish that [she] (1) suffered an injury in fact and (2) lost money or property as a result of the unfair competition." *Birdsong v. Apple, Inc.,* 590 F.3d 955, 959 (9th Cir. 2009). "Under the UCL, a plaintiff suffers an injury in fact when she has (1) expended money due to defendants' acts of unlawful competition; (2) lost money or property; or (3) been denied money to which [s]he has a cognizable claim." *Pietzak v. Microsoft Corp.,* No. cv-15-5527-R, 2015 U.S. Dist. Lexis 165204 at *5 (C.D. Cal. Nov. 17, 2015) (internal quotation omitted).

Thus, allegations that plaintiffs were injured by unwanted text messages that caused them embarrassment and emotional harm were insufficient. *Id.* Similarly, diminished mobile device resources, such as storage, battery life and bandwidth were insufficient allegations of injury to confer standing because the loss was de minimis. *Hernandez v. Path,* No. 12-cv-01515 YGR, 2012 WL 5194120 at *2 (N.D. Cal. Oct. 19, 2012).

In this case, the FAC never specifically states that Olmos was injured as a result of the two text messages she received. It does say that the calls consumed battery life and diminished "use, enjoyment and utility" of all class members' cellular telephones plans. (FAC ¶50.) Thus, the calls caused a loss of money or property "in the form of wear and tear on their cellular telephone equipment, consumed battery life and the diminishment in the use, enjoyment, value and utility of their cellular telephone plans." (FAC ¶53.) Similar to the allegations in *Hernandez v. Path*, the allegation that Plaintiff received two short text messages is insufficient to convey standing because the loss of battery life and bandwidth as a result of these two messages was de minimis.

Plaintiff cites *Tyacke v. First Tenn. Bank, N.A.,* No. EDCR 16-228-JCB (SPx) (C.D. Cal. Apr. 28, 2016) (ECF No. 23-1) which distinguishes *Hernandez v. Path* and finds that the diminished battery life and bandwidth were not de minimis where

1  the plaintiff alleges defendant called as much as three times a day starting in July
2  2015 (the Complaint was filed in February of 2016).  *See also In re Google, Inc.*
3  *Privacy Policy Litig.,* No. C-12-1382-PSG, 2013 WL 6248499 at *7  (N.D. Cal. Dec.
4  3, 2013) (distinguishing *Hernandez v. Path* when the discharge of battery power was
5  "systemic rather than episodic")  Plaintiff alleges episodic discharge of battery power
6  on two short occasions.  Since the Court finds this is insufficient to convey standing
7  under the California UCL, the Court **GRANTS** Bank of America's Motion to Dismiss
8  Count Three **WITHOUT PREJUDICE**.

## IV.   CONCLUSION

For the reasons stated above, this Court **GRANTS IN PART** and **DENIES IN PART** Bank of America's Motion to Dismiss (ECF No. 20).  The Court **DENIES** the Motion to Dismiss Count One, but **GRANTS** the Motion to Dismiss Counts Two and Three **WITHOUT PREJUDICE.**  If Plaintiff chooses to amend the Complaint, she is ordered to do so no later than **June 16, 2016**.  The Court also **GRANTS** Plaintiff's Motion for leave to file supplemental authority (ECF No. 23) and denies Bank of America's request for leave to address why this supplemental authority does not support Plaintiff's position.

**IT IS SO ORDERED.**

DATED: June 1, 2016

Hon. Cynthia Bashant
United States District Judge